UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER SOLOMON,<br><br>    Plaintiff,<br><br>    v.<br><br>C R BARD INCORPORATED, BARD PERIPHERAL VASCULAR INCORPORATED,<br><br>    Defendants. | Case No. C19-1469RSM<br><br>ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE |

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to Prosecute, Dkt. #30. Plaintiff Walter Solomon has failed to file a timely response to this Motion or otherwise communicate with the Court since it was filed three months ago.

Following remand of this case to the District Court for the Western District of Washington, on February 13, 2020, the Court entered a Minute Order Setting Trial Date and Related Dates. Dkt. #22. This set the discovery cut-off as September 14, 2020.

Defendants have been unable to depose Plaintiff despite months of communications with Plaintiff's former counsel. *See* Dkt. #31-1 at 2. Deposition was actually set for July 22, 2020, and Plaintiff did not show. *See id.* at 15. It appears Plaintiff's former counsel was unable to contact Plaintiff. *See id.* at 14. On July 23, 2020, Plaintiff's counsel withdrew from the case, and the Court issued a Minute Order directing Plaintiff to secure new counsel by September 4 or

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE - 1

proceed pro se. *See* Dkts. #28 and #29.   Defendants have since served Plaintiff with new discovery requests which have gone unanswered. *See* Dkt. #31- at 19.

Unable to proceed, Defendants filed the instant Motion.  On October 13, 2020, the Court stated in a Minute Order on October 13 the following:

> Defendants' motion to dismiss, docket no. 30, is RENOTED to December 11, 2020. Plaintiff is ADVISED that a response to defendants' motion to dismiss is due by December 7, 2020. In the absence of a timely response, the Court will conclude that plaintiff is no longer interested in pursuing this lawsuit and that the case should be dismissed.

Dkt. #33 at 1.  The Court has received no word from Plaintiff.

Rule 37 of the Federal Rules of Civil Procedure allows a court to impose sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). The available sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

Rule 41(b) of the Federal Rules of Civil Procedure also allows for dismissal, providing that a defendant may move to dismiss an action where a plaintiff fails to prosecute his or her case or where a plaintiff fails to comply with a court order.  *See* Fed. R. Civ. P. 41(b).

Dismissal is a harsh penalty, imposed only in extreme circumstances.  *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).  Where a court considers dismissal as a remedy for failure to prosecute, the court is to consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE - 2

Defendants argue that Plaintiff's continued unavailability impairs their ability to construct their defense, that "less drastic sanctions, while available, are not appropriate in light of the unanswered Requests and Plaintiff's continued silence," and that "the above deficiencies are sufficient grounds for dismissal of this action." Dkt. #31 at 5 (citing, *inter alia*, *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981)).

The Court agrees. Plaintiff's deposition was critical to this medical device product liability action where he alleges physical injury. Plaintiff's failure to respond to discovery requests has clearly prejudiced Defendants. Most importantly, Plaintiff's failure to communicate with his former counsel, and subsequent failure to respond to this Motion or to communicate with the Court has led to the conclusion that he is no longer interested in pursuing this lawsuit. This case cannot be resolved without the participation of Plaintiff, and the Court is convinced that no lesser sanction would be appropriate.

Having considered the applicable briefing submitted by the parties and the entire record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss for Failure to Prosecute, Dkt. #30, is GRANTED. This case is DISMISSED. Defendants may, if they choose, file a separate motion for attorney's fees setting forth the legal basis for such fees, and are to include a declaration with factual support for the hourly rate and number of hours requested. Such Motion may be filed no later than **30 days** from the date of this Order.

DATED this 16th day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO PROSECUTE - 3